

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

February 10, 1939

GERALD C. MANN
ATTORNEY GENERAL

Hon. F.E. Rightor, Secretary
State Board of Registration
for Professional Engineers
Austin, Texas

Dear Sir:

Opinion No. O-295.
Re: Necessity of supervision and seal of
registered professional engineers on and
over alterations or additions on buildings
other than residence in excess of $3,000.

Your request for an opinion has been received by this department.

Your letter, in part, reads as follows:

"Is it your interpretation of Senate
Bill 74, Acts Regular Session, 45th Texas
Legislature, that the design and supervision of any alterations or additions in excess of three thousand dollars on any building other than a residence must bear the
seal of and be supervised by a Registered
Professional Engineer? Request has come to
this office for information on the general
subject as above and specifically as to the
installation of air conditioning (heating
and cooling) in existing buildings."

Section 19 of Article 3271a reads as follows:

"After the first day of January, 1938,
it shall be unlawful for this State, or for
any of its political subdivisions, for any
county, city, or town, to engage in the construction of any public work involving pro-

fessional engineering, where public health, public welfare or public safety is involved, unless the engineering plans and specifications, and estimates have been prepared by, and the engineering construction is to be executed under the direct supervision of a registered professional engineer; provided, that nothing in this Act shall be held to apply to any public work wherein the contemplated expenditure for the completed project does not exceed Three Thousand ($3,000.00) Dollars. Provided, that this Act shall not apply to any road maintenance or betterment work undertaken by the County Commissioners' Court."

Subdivision(e) of Section 20, of Article 3271a Revised Civil Statutes of Texas, reads as follows:

"Nothing in this Act shall be construed to apply to persons doing the actual work of installing, operating, repairing, or servicing locomotive or stationary engines, steam boilers, Diesel engines, internal combustion engines, refrigeration compressors and systems, hoisting engines, electrical engines, air conditioning equipment and systems, or mechanical and electrical equipment and apparatus; nor shall this Act be construed to prevent any citizen from identifying himself in the name and trade of any engineers' labor organization with which he may be affiliated. Provided, however, that nothing in this Act shall be construed as permitting any person other than a licensed professional engineer affixing his signature as such to engineering plans, specifications or estimates."

Subdivision(f) of Section 20, or Article 3271a Revised Civil Statutes of Texas, reads as follows:

"Nothing in this Act shall be constru-

ed to apply to persons erecting or building any private dwelling."

Section I of Article 3271a, Revised Civil Statutes of Texas reads as follows:

"That in order to safeguard life, health, and property, any person practicing or offering to practice the profession of engineering as hereinafter defined shall hereafter be required to submit evidence that he is qualified so to practice and shall be registered as hereinafter provided; and it shall be unlawful for any person to practice or offer to practice the profession of engineering in this State, or to use in connection with his name or otherwise assume, use, or advertise any title or description tending to convey the impression that he is a professional engineer unless such person has been duly registered or exempted under the provisions of this Act."

Section 2 of Article 3271a, Revised Civil Statutes of Texas, reads as follows:

"The term professional engineer as used in this Act shall mean a person who, by reason of his knowledge of mathematics, the physical sciences, and the principles of engineering, acquired by professional education and practical experience, is qualified to engage in engineering practice as hereinafter defined.

The practice of professional engineering within the meaning and intent of this Act includes any professional service, such as consultation, investigation, evaluation, planning, designing, or responsible supervision of construction in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works or projects, wherein the public welfare, or the

Hon. F.E. Richtor, February 10, 1939, Page 4

safeguarding of life, health or property is concerned or involved, when such professional service requires the application of engineering principles and interpretation of engineering data.

The term 'Board' as used in this Act shall mean the State Board of Registration for Professional Engineers, provided for by this Act."

You are respectfully advised it is the opinion of this department that the design and supervision of any alterations or additions in excess of $3,000.00 on any building other than a residence, should bear the seal of and be supervised by a registered professional engineer, as provided for by Section 19 of Article 3271a, if such professional service requires the application of engineering principles and interpretation of engineering data.

You are further advised, if such professional service does not require the application of engineering principles and interpretation of engineering data, then in that event, such alterations and additions need not bear the seal of and be supervised by a registered professional engineer.

You are further advised there is nothing in the Act of Article 3271a, which shall be construed to apply to persons doing the actual work of installing, operating, repairing or servicing air conditioning equipment and systems, but, however, that nothing in the Act shall be construed as permitting any person other than a licensed professional engineer from affixing his signature as such to engineering plans, specifications or estimates used in such work as provided for in Section 20, Subdivision (e) of Article 3271a, supra.

Hon. F.E. Rightor, February 10, 1939, Page 5

Trusting this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:ob

APPROVED:

ATTORNEY GENERAL OF TEXAS